Mark D. Molner, Esq.
**PRICE LAW GROUP, APC**
2210 W. 75th Street
Prairie Village, KS 66208
Direct Dial: (913) 529-1474
Fax: (818) 907-2012
mark@pricelawgroup.com

Kansas Bar Number: 24493
Attorneys for Plaintiff,
CHRISTINE LAMBERT

# UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTINE LAMBERT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>IMAGE RECEIVABLES<br>MANAGEMENT, LLC; and DOES 1<br>to 10, inclusive,<br><br>　　　　Defendants. | **Case No.:** 12-1294-EFM-KGS<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

## INTRODUCTION

1.    This is an action for actual and statutory damages brought by plaintiff Christine Lambert (hereinafter "Plaintiff"), an individual consumer, against defendant Image Receivables Management, LLC for violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## VENUE AND JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and § 1331. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3.      Plaintiff, Christine Lambert is a consumer, a natural person allegedly obligated to pay any debt, residing in Chester County, in the state of Pennsylvania.

4.      Defendant, Image Receivables Management, LLC is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 14 N. Main St., Hutchinson, Kansas 67501.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## **FACTS**

6.      Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7.      The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8.      Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to May 10, 2012.

9.      Defendant, during communications with Plaintiff, within one year from the filing of this complaint, did not state that Defendant was a debt collector, attempting to communicate a debt, and that any information would be used for that purpose.

10.     As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

11.     Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## COUNT I – FDCPA

12.　Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13.　Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings.

14.　Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15.　As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Christine Lambert for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff, Christine Lambert, respectfully requests that judgment be

entered against defendant Image Receivables Management, LLC for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. §

1692k(a)(1) for the emotional distress suffered as a result of the intentional

and/or negligent FDCPA violations, in an amount to be determined at trial

and for Plaintiff.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED:  August 14, 2012          **PRICE LAW GROUP APC**

By:/s/ Mark D. Molner
     Mark D. Molner
     Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRISTINE LAMBERT,

demands trial by jury in this action.